**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KHALID MOHAMMAD,               )
       Plaintiff,              )
                               )
    v.                          )    2:14-cv-1290-JCM-VCF
                               )
CLARK COUNTY DETENTION CENTER et )    **SCREENING ORDER**
al.,                           )
       Defendants.             )
_____)

    This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former pretrial detainee. Plaintiff has submitted an application to proceed *in forma pauperis* and a civil rights complaint. (ECF No. 1, 1-1).

**I.**    ***IN FORMA PAUPERIS*** **APPLICATION**

    Before the court is plaintiff's application to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding plaintiff's financial status, the court grants plaintiff non-prisoner *in forma pauperis* status under 28 U.S.C. § 1915(a)(1).

**II.**    **SCREENING STANDARD**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the

Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the

framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF COMPLAINT

In the complaint, plaintiff sues multiple defendants for events that took place while plaintiff was incarcerated at the Clark County Detention Center ("CCDC"). (ECF No. 1-1 at 1). Plaintiff sues defendants John Doe arresting officer, John Doe district attorney, John Doe public defender, John Doe warden of CCDC, and the CCDC[1]. (*Id.* at 1-2). Plaintiff alleges one count of unlawful imprisonment and seeks monetary damages and a copy of all surveillance video recordings of plaintiff's movements at the CCDC. (*Id.* at 4-5).

The complaint alleges the following: defendants incarcerated plaintiff in the CCDC "without a conviction of guilty, a plea of guilty, or a verdict of guilty" from January 2012 through September 2012 for case no. C-12-279125-1 in the Eighth Judicial District Court. (*Id.* at 1). In January 2012, an officer arrested plaintiff and transported plaintiff to the CCDC. (*Id.* at 3). Plaintiff did not waive any of his constitutional rights to due process or a speedy trial and

---

[1] "The CCDC is an inanimate building, not a person or entity subject to liability. The law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition. Therefore CCDC, a building, is not subject to liability." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011). The court dismisses all claims against the CCDC with prejudice, as amendment would be futile.

informed the public defender that he was actually innocent of the circumstances that resulted in his arrest. (*Id.*). The public defender never pursued a trial of plaintiff's claim of actual innocence and never moved for a speedy trial, a probable cause hearing, a release on recognizance, a bail hearing, or a motion to dismiss. (*Id.*).

CCDC staff members informed plaintiff that he had been "subjected to acts that caused [plaintiff] to lose . . . consciousness and received treatments for loss of . . . consciousness on multiple occasions throughout his imprisonment." (*Id.*). Plaintiff never received documents for being subjected to treatments for those incidents. (*Id.*).

Plaintiff alleges that he was unlawfully imprisoned during that period because he was incarcerated without an underlying conviction of guilty, a guilty plea, or a guilty verdict. (*Id.* at 4). Additionally, the district attorney "never pursued a trial of the circumstances [which] resulted in [p]laintiff's imprisonment," the public defender "never pursued litigation of the circumstances of [p]laintiff's arrest, his claim of actual innocence, [or] his release pending trial," the arresting officer had arrested plaintiff without any probable cause, and the CCDC warden had never offered plaintiff any opportunities to be housed in a safer environment. (*Id.*). Plaintiff suffered "irreversible injuries including physical injuries from acts of violence by other prisoners and staff." (*Id.*).

The court will address plaintiff's allegations in three separate subsections: (a) imprisonment as a pretrial detainee; (b) dissatisfaction with the judicial process; and (c) failure to protect.

**A.    State Criminal Case**

As an initial matter, the court takes judicial notice of plaintiff's criminal case in the Eighth Judicial District Court, case no. C-12-279125-1. Plaintiff was charged with unlawful possession of burgulary tools, a gross misdemeanor. (*See* Clark County Courts Records Inquiry, District Civil/Criminal Records at https://www.clarkcountycourts.us/Anonymous/default.aspx). The docket entries for plaintiff's case demonstrates that on January 30, 2012, his bail was set for $2000.00. (*Id.*). On February 2, 2012, plaintiff had an initial arraignment and pled not guilty. (*Id.*) Plaintiff invoked

the 60-day rule. (*Id.*). The court set a trial date of March 5, 2012. (*Id.*). The trial was continued. (*Id.*). On April 17, 2012, the court held a competency hearing and found plaintiff competent. (*Id.*). On June 25, 2012, plaintiff filed a petition for habeas corpus. (*Id.*). On August 6, 2012, the case was reassigned to a different judge. (*Id.*). On September 10, 2012, the prosecutor moved to dismiss the case and the court dismissed the case. (*Id.*).

### B.     Pretrial Detainee

During the time of the alleged events, plaintiff was a pretrial detainee at CCDC. The Supreme Court has defined a pretrial detainee as a person who has been charged with a crime but who has not yet been tried on the charge. *Bell v. Wolfish*, 441 U.S. 520, 523 (1979). The Supreme Court has held that, to ensure this person's presence at trial, the government may legally incarcerate the individual prior to a determination of their guilt or innocence. *Id.* at 523, 534 n.15; *see also* Nev. Rev. Stat. §§ 171.123, 171.1231. The Supreme Court has held that, in order to imprison a person prior to trial, the government must comply with constitutional requirements and statutory provisions. *Wolfish*, 441 U.S. at 534 n.15.

In this case, plaintiff vaguely implies that he did not have a probable cause hearing after his arrest. The court grants plaintiff leave to amend his complaint to provide more details as to whether the government complied with the constitutional requirements and statutory provisions prior to incarcerating plaintiff as a pretrial detainee.

### C.     Judicial Process

Plaintiff alleges dissatisfaction with the district attorney and public defender in his case. Plaintiff fails to state a § 1983 claim against his public defender. The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff also fails to state a § 1983 claim against the district attorney. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). As such, the court dismisses these defendants with prejudice, as amendment would be futile.

*///*

### D. Failure to Protect

Plaintiff vaguely alleges that he may have been violently assaulted by prisoners and staff while incarcerated at the CCDC. A pretrial detainee's right to be free from punishment is grounded in the due process clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id*. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id*. at 843.

In the complaint, plaintiff vaguely alleges that he may have lost consciousness at the CCDC due to acts of violence. The court grants plaintiff leave to amend his complaint to provide the court with more details about these acts of violence.

### E. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint regarding plaintiff's pretrial detainee status and failure to protect while at the CCDC. If plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required

6

to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.  Moreover, the court directs plaintiff to follow the directions on the form civil rights complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what each specific defendant (by name) did to violate your rights."

The court notes that, if plaintiff chooses to file an amended complaint, plaintiff shall file the amended complaint within 30 days from the date of entry of this order.  If plaintiff chooses not to file an amended complaint curing the stated deficiencies, the court will dismiss this case without prejudice.

### IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the application to proceed *in forma pauperis* (ECF No. 1) is granted.  Plaintiff, a non-prisoner, is granted *in forma pauperis status* under 28 U.S.C. § 1915(a)(1).  This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that plaintiff is granted leave to amend the allegations in his complaint regarding his pretrial detainee status and failure to protect during imprisonment.

IT IS FURTHER ORDERED that the district attorney and public defender are dismissed from this case in their entirety, with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that the Clark County Detention Center is dismissed from this case in its entirety, with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that if plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the clerk of the court shall send to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his

original complaint (ECF No. 1-1).  If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

    IT IS FURTHER ORDERED that if plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice.

DATED: This 23rd day of October, 2014.

_____
United States District Judge