**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KHALID MOHAMMAD, ) | |
| Plaintiff, ) | |
| v. ) | 2:14-cv-1290-JCM-VCF |
| CLARK COUNTY DETENTION CENTER et al., ) | **ORDER** |
| Defendants. ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former inmate. On October 23, 2014, this court issued an order dismissing the district attorney, the public defender, and the Clark County Detention Center from this case with prejudice but granting plaintiff leave to amend the allegations in his complaint regarding his pretrial detainee status and failure to protect during imprisonment. (ECF No. 2 at 7). The court ordered plaintiff to file an amended complaint within thirty days from the date of entry of that order. (*Id.*). The thirty-day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

1  amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal
2  for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of
3  address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
4  failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
5  (dismissal for lack of prosecution and failure to comply with local rules).

6        In determining whether to dismiss an action for lack of prosecution, failure to obey a
7  court order, or failure to comply with local rules, the court must consider several factors: (1)
8  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
9  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
10 cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d
11 at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-
12 61; *Ghazali*, 46 F.3d at 53.

13       In the instant case, the court finds that the first two factors, the public's interest in
14 expeditiously resolving this litigation and the court's interest in managing the docket, weigh in
15 favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of
16 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
17 filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542
18 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases
19 on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.
20 Finally, a court's warning to a party that his failure to obey the court's order will result in
21 dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
22 *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The court's order requiring
23 plaintiff to file an amended complaint within thirty days expressly stated: "IT IS FURTHER
24 ORDERED that if plaintiff fails to file an amended complaint curing the deficiencies outlined
25 in this order, this action will be dismissed without prejudice." (ECF No. 2 at 8).  Thus, plaintiff
26 had adequate warning that dismissal would result from his noncompliance with the court's
27 order to file an amended complaint within thirty days.

28       It is therefore ordered that this action is dismissed without prejudice based on plaintiff's

failure to file an amended complaint in compliance with this court's October 23, 2014, order.

It is further ordered that the clerk of court shall enter judgment accordingly.

DATED: December 3, 2014.

_____
UNITED STATES DISTRICT JUDGE